**In re ARROW PLUMBING & HEATING, INC., Debtor.**

**Bankruptcy No. 92–11962.**

United States Bankruptcy Court,
D. Rhode Island.

Feb. 2, 1993.

Geoffrey A. Regan, McGovern, Noel & Benik, Providence, RI, for debtor.

Michael J. Murray, Asquith, Merolla, Anderson, Archetto & Kane, Providence, RI, for creditor, Alhambra Building Co.

## ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on January 21, 1993, on the Court's sua sponte ORDER TO SHOW CAUSE why counsel should not be sanctioned for their failure to file, as promised, either consent orders or a Joint Pretrial Order regarding motions last heard on September 24, 1992, to wit: (1) Motion of Creditor Alhambra Building Company ("Alhambra") seeking permission to pay materialmen and sub-sub-contractors directly; and (2) Debtor's Motion to reject its contract with Alhambra. At the Show Cause hearing, when the case was called, counsel indicated that they had *just then* resolved their differences, and would file an appropriate order by the end of the day, apparently assuming that would assuage the Court's concern over their cavalier treatment of this matter during the past four months.

Upon consideration of the statements by both counsel at the Show Cause hearing, we find and conclude that they have failed to provide a reasonable explanation for their failure to comply with this Court's procedural orders and housekeeping requirements.[1] A review of the docket in

---

1. It is precisely in reaction to such apathy by parties and/or their attorneys, and their casual indifference to our procedural rules, that we propose to amend Local Rule 38, to read as follows:

RULE 38
JOINT PRE–TRIAL ORDERS
In (1) all Adversary Proceedings (civil actions) under Fed.R.Bankr.P. 7001, (2) all contested Motions for Relief from Stay, and (3) all contested matters under Fed.R.Bankr.P. 9014 which involve witnesses and/or exhibits, *THE PARTIES MUST FILE A JOINT PRE–TRIAL ORDER* in exact compliance with the form provided by the clerk's office and within the time directed below or as otherwise ordered.

In all Adversary Proceedings and contested matters it is the plaintiff/movant's responsibility to prepare the initial draft of the Joint Pre–Trial Order.
In Motions for Relief from Stay and contested matters, the movant shall deliver the draft of the Joint Pre–Trial Order to the respondent within five (5) days after an answer/objection is timely filed; in adversary proceedings the draft shall be delivered within ten (10) days after the close of discovery. In all situations, the opposing party then must comment upon and/or redraft the proposed comments/revisions within three (3) business days to FINALIZE the Order. If either party fails to perform as outlined herein, opposing counsel shall file an affidavit outlining the facts indi-

this matter shows no less than five requests and inquiries by Clerk's office personnel attempting to coax counsel into complying with our original and subsequent deadlines, all to no avail. Such babysitting and prodding to require lawyers to complete their administrative obligations to the Court is not a function either of the Clerk or his employees, who are paid to do more productive things.

Accordingly, based upon counsel's apparent lack of interest in complying with the rules of this Court,[2] we find that cause exists for the imposition of sanctions, which are ORDERED in the amount of $500.00. This sanction is assessed jointly and severally against the attorneys for both sides, and should be paid forthwith to the Clerk of the Bankruptcy Court. Initially at least, we leave to counsel the task of apportioning the payment, but the Court will make the allocation, after further hearing, if the attorneys are unable to do so. Finally, counsel are advised that this sanction is imposed against them personally, and is not to be passed on to their respective clients.

Enter Judgment consistent with this opinion.

cating opposing counsel's failure to cooperate. The court may then allow the motion/adversary proceeding to proceed as a defaulted matter.

When a matter brought by a plaintiff/movant is in default as to the filing of the Joint Pre-Trial Order or any of the requirements specified therein, the clerk is directed to dismiss the matter for want of diligent prosecution. The party in default may have the matter reinstated upon showing special circumstances. Any motion to set aside the dismissal is to be filed within ten (10) days of the dismissal.

When a matter is in default by the defendant/respondent as to the filing of a Joint Pre-Trial order or any of the requirements specified therein, the defendant/respondent shall not be allowed to present its defense at trial except by leave of court. (emphasis in original)

Hopefully, this amendment will eliminate the type of conduct which necessitated its promulgation, as well as the need for these show cause hearings, which impose unnecessary time demands on both this Court and its staff.

2. As we have been required to comment more and more often in recent months, our present workload* does not allow for the relaxation of orders and rules designed to expedite court business, as time has become an increasingly precious commodity here. No less consideration should be given to the demands on our staff, who definitely do not need the extra work of chasing down dilatory attorneys. (*The increase in case filings, as shown here, is the basis for inability to conduct former business as usual. 1987—862 cases filed; 1988—919 cases filed; 1989—1281 cases filed; 1990—2325 cases filed; 1991—3412 cases filed; 1992—3680 cases filed.)