**In re Daniel James POE, Jr., Debtor.**

**John D. GIBBONS and Tabitha A. Gibbons, Plaintiffs,**

**v.**

**Daniel James POE, Jr., Defendant.**

**Bankruptcy No. 92–12303.
Adv. No. 92–1173.**

United States Bankruptcy Court,
D. Rhode Island.

Sept. 15, 1993.

Richard L. Walsh III, North Kingstown, RI, for plaintiffs.

Thomas N. Tarzwell, Wakefield, RI, for debtor/defendant.

Marc Wallick, Wallick & Paolino, Warwick, RI, Chapter 7 Trustee.

### ORDER

ARTHUR N. VOTOLATO, Jr.,
Bankruptcy Judge.

Heard on August 19, 1993, on this Court's sua sponte Order to Show Cause regarding counsels' failure to file a Joint Pre-trial Statement in the above captioned adversary proceeding, as ordered. This unnecessarily prolonged matter has previously been scheduled for show cause hearings, and counsel have requested and been granted three extensions already. The most recent filing deadline, set for August 13, 1993, was ignored, and neither attorney appeared for the 9:30 a.m. show cause hearing, but Plaintiff's attorney, Richard Walsh, telephoned the Clerk's Office at

9:41 a.m. stating that he forgot to call earlier and, without explanation, reported that "it was all right to dismiss the adversary proceeding."

Counsels' behavior in this proceeding is irresponsible, and cannot be tolerated if the Court is to operate efficiently.[1] *See In re Arrow Plumbing and Heating, Inc.,* 150 B.R. 85 (Bankr.D.R.I.1993). Accordingly, sanctions in the amount of $500 are assessed jointly and severally against both attorneys, and should be paid forthwith to the Clerk of the Bankruptcy Court. Since the respondents herein are the ones most familiar with the reason(s) for such unexplained foot dragging, we initially leave the task of apportioning said payment to them, but the Court will make the allocation, after hearing, if the attorneys are unable to do so. Finally, counsel are advised that this Order runs against them personally, and is not to be passed on to their respective clients.

Enter Judgment consistent with this opinion.

1. Counsel's disregard of this Court's procedural requirements has caused many extra and unnecessary steps to be taken by the Court and Clerk's office, in a proceeding that he was probably never serious about anyway, and a signal must be sent discouraging such cavalier behavior.